UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

ELIYAHU DABBAH, individually and on behalf of        Case No. 21-cv-10576
all others similarly situated,

     Plaintiff,

v.

FIRST CREDIT SERVICES INC. d/b/a
ACCOUNTS RECEIVABLE TECHNOLOGIES, INC.

     Defendant.
_____

### DEFENDANT FIRST CREDIT SERVICES, INC. D/B/A ACCOUNT RECEIVABLE TECHNOLOGIES, INC.'S ANSWER TO THE COMPLAINT

Defendant, First Credit Services, Inc. d/b/a Accounts Receivable Technologies, Inc. ("FCS" or "Defendant"), as for its Answer to the complaint ("Complaint") of Plaintiff Eliyahu Dabbah ("Plaintiff") in the above-entitled matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Paragraph 1 contains no factual allegations directed against Defendant and requires no admission or denial. To the extent a response is required, FCS refers to the cited statute and denies anything inconsistent therewith.

2.    Paragraph 2 contains no factual allegations directed against Defendant and requires no admission or denial. To the extent a response is

required, FCS refers to the cited statute and denies anything inconsistent therewith.

<u>JURISDICTION AND VENUE</u>

3.     Responding to Paragraph 3, Defendant denies that this Court has subject matter jurisdiction because Defendant denies Plaintiff suffered any concrete injury and denies Plaintiff has Article III standing.  Responding further, Defendant denies all alleged violations of the FDCPA and any other law, stated or otherwise.

4.     Responding to Paragraph 4, Defendant admits that, based upon the allegations contained herein, if the Court had subject matter jurisdiction, then venue would be proper in this court.  However, Defendant denies all alleged violations of the FDCPA and any other law, stated or otherwise, denies Plaintiff suffered any concrete injury, and denies Plaintiff has Article III standing in this case.

<u>NATURE OF THE ACTION</u>

5.     Defendant acknowledges Plaintiff's efforts to bring this matter as a class action, but denies any violation of the Fair Debt Collection Practices Act ("FDCPA"), denies that this matter is suitable for class certification, and denies Plaintiff has standing to bring this action either individually or on behalf of a purported class.

6.     Defendant denies that Plaintiff has suffered any damages, denies Plaintiff is entitled to recover damages, and denies that Plaintiff is entitled to any other relief.

<u>PARTIES</u>

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies those allegations.

8.      Defendant admits its address is 9 Wills Way, Piscataway, NJ 08854. The remaining allegations in Paragraph 8 constitute conclusions of law to which no response is required.

9.      Defendant admits that at certain times and under certain circumstances it uses the mail and telephone in the attempted collection of debt, but otherwise denies the allegations contained in Paragraph 9.

<u>CLASS ALLEGATIONS</u>

10.     Defendant admits Plaintiff purports to bring this action on behalf of a class.  Defendant denies that any class should be certified pursuant to Fed. R. Civ. P. 23.

11.     Defendant denies that any class should be certified pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations in Paragraph 11, including its subparts.

12.     Defendant denies each and every allegation contained in Paragraph 12 and denies that this matter is suitable for class certification.

13.     Defendant denies each and every allegation contained in Paragraph 13 and denies that this matter is suitable for class certification.

14.     Defendant denies any violation of the FDCPA and denies that this matter is suitable for class certification.

15.     Defendant denies each and every allegation contained in Paragraph 15 and denies that this matter is suitable for class certification.

16.     Responding to Paragraph 16, including all subparts, Defendant denies the allegations are appropriate for class certification, denies that a class exists, denies any class should be certified pursuant to Rule 23, denies Plaintiff is a suitable class representative, and denies Plaintiff has standing to bring this action either individually or on behalf of a purported class. Further responding, Defendant denies any wrongdoing and demands strict proof thereof.

17.     Defendant denies each and every allegation contained in Paragraph 17 and denies that this matter is suitable for class certification.

18.     Defendant denies each and every allegation contained in Paragraph 18 and denies that this matter is suitable for class certification.

<u>FACTUAL ALLEGATIONS</u>

19.     Responding to Paragraph 19, Defendant re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation sin Paragraph 21 and therefore denies those allegations.

22.     Paragraph 22 contains a statement and legal conclusion to which no response is required.  To the extent a response is required, FCS lacks knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 22 and therefore denies those allegations.

23.     Paragraph 23 makes no allegation against Defendant; therefore, Defendant is not required to respond. The allegations in Paragraph 23 constitute conclusions of law to which no response is required.  To the extent any response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24.     FCS admits an account balance was placed in its office for collection purposes. FCS denies any remaining allegations set forth in Paragraph 24.

25.     Defendant admits that at certain times and under certain circumstances it uses the United States Postal Services, telephone and internet in the attempted collection of debt, but Defendant lacks knowledge or information sufficient to form a belief as to the purposes such debt was incurred and therefore denies the remaining allegations contained in Paragraph 25.

<u>*Response to Violation – October 12, 2020  Collection Letter*</u>

26.     Defendant admits the allegations in Paragraph 26.

27.     The Letter speaks for itself and Defendant denies any allegations or inferences contrary to its express terms.

28.     The Letter speaks for itself and Defendant denies any allegations or inferences contrary to its express terms.   Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant denies Paragraph 38. Further responding, Defendant denies Plaintiff suffered or continues to suffer damages, denies any wrongdoing and demands strict proof thereof.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant denies Paragraph 43. Further responding, Defendant denies Plaintiff suffered or continues to suffer damages, denies any wrongdoing and demands strict proof thereof.

<u>COUNT I</u>
Alleged Violations of the Fair Debt Collection Practices Act
15 U.S.C. § 1692e *et seq.*

44.     Responding to Paragraph 44, Defendant re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.

45.     Defendant denies the allegations in Paragraph 45.

46.     Responding to Paragraph 46, Defendant refers to the identified statute and denies all allegations, interpretations, or attempts to paraphrase that contradict the text of the cited statute.  Defendant denies the remaining allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies all alleged violations of the FDCPA and any other law, stated or otherwise, denies Plaintiff suffered or continues to suffer damages, denies Plaintiff is entitled to recover damages, costs, or attorneys' fees, and denies that Plaintiff is entitled to any other relief.

<u>COUNT II</u>
Alleged Violations of the Fair Debt Collection Practices Act
15 U.S.C. § 1692f *et seq.*

49.     Responding to Paragraph 49, Defendant re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.

50.     Defendant denies the allegations in Paragraph 50.

51.     Responding to Paragraph 51, Defendant refers to the identified statute and denies all allegations, interpretations, or attempts to paraphrase that contradict the text of the statute.  Defendant denies the remaining allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies all alleged violations of the FDCPA and any other law, stated or otherwise, denies Plaintiff suffered or continues to suffer damages, denies Plaintiff is entitled to recover damages, costs, or attorneys' fees, and denies that Plaintiff is entitled to any other relief.

<u>COUNT III</u>
Alleged Violations of the Fair Debt Collection Practices Act
15 U.S.C. § 1692g *et seq.*

54.     Responding to Paragraph 54, Defendant re-alleges and incorporates by reference the responses set forth in the preceding paragraphs as if fully set forth herein.

55.     Defendant denies the allegations in Paragraph 55.

56.     Responding to Paragraph 56, Defendant refers to the identified statute and denies all allegations, interpretations, or attempts to paraphrase that contradict the text of the statute.  Defendant denies the remaining allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies all alleged violations of the FDCPA and any other law, stated or otherwise, denies Plaintiff suffered or continues to suffer damages,

denies Plaintiff is entitled to recover damages, costs, or attorneys' fees, and denies that Plaintiff is entitled to any other relief.

## DEMAND FOR TRIAL BY JURY

59.     Defendant admits Plaintiff has demanded a jury trial but denies Plaintiff has alleged any issues triable by a jury and denies Plaintiff has suffered an injury-in-fact to maintain standing.

## PRAYER FOR RELIEF

60.     To the extent Defendant is required to respond to Plaintiff's Prayer for Relief, Defendant denies any class should be certified pursuant to Fed. R. Civ. P. 23, denies Plaintiff should be appointed as class representative, denies Plaintiff's attorneys should be appointed as class counsel, denies Defendant's actions violated the FDCPA, denies Plaintiff or the alleged class has suffered any damages, denies Plaintiff or the alleged class is entitled to recover damages, costs, attorney's fees, pre-judgment interest or post-judgment interest, and denies Plaintiff or the alleged class is entitled to any other relief.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

61.     Plaintiff fails to state a claim upon which relief can be granted and his claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

62.     Plaintiff denies all allegations set forth in Plaintiff's Complaint except as expressly admitted herein.

## THIRD DEFENSE

63.    Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against Defendant.

## FOURTH DEFENSE

64.    Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges such damage was not caused by Defendant, but was proximately caused or contributed to by the conduct of others for whom Defendant is not responsible or liable.

## FIFTH DEFENSE

65.    Defendant asserts the Court lacks standing to hear this case as the claims, as alleged, do not assert any actual or concrete injury or damage to the named Plaintiff and/or any of the purported class members.

## SIXTH DEFENSE

66.    Plaintiff's Complaint and purported claims for relief are barred in whole or in part because Defendant at all times acted in a reasonable manner and in good faith.

## SEVENTH DEFENSE

67.    Plaintiff's Complaint and purported claims for relief are barred because the named Plaintiff may not be a suitable class representative and/or the case cannot meet the standards required under Fed. R. Civ. P. 23 for the purported

class representative or any of the alleged class members.  Additionally, Defendant may assert specific affirmative defenses for alleged class members as they become known to Defendant.

### EIGHTH DEFENSE

68.    If the agreement(s) between Plaintiff and the creditor includes an arbitration provision, Plaintiff may not be able to maintain this action either individually or on a class basis.

### NINTH DEFENSE

69.    Defendant reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant respectfully demands judgment against Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:      July 20, 2021

LIPPES MATHIAS WEXLER FRIEDMAN LLP

s/ Sean M. O'Brien
Sean M. O'Brien, Esq.
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: sobrien@lippes.com
*Attorneys for Defendant*